UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:14-cr-248-Orl-28GJK

JEAN ROUSSEL ELOI

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, hereby submits its Sentencing Memorandum on the following issue:

Whether the evidence supports a finding that the defendant engaged in a pattern of activity involving prohibited sexual conduct to justify a five-level increase in the Adjusted Offense Level, pursuant to USSG §4B1.5(b)(1).

## I.    STATEMENT OF FACTS

On June 29, 2006, the defendant pleaded guilty to the State offense of Battery On A Child, in West Palm Beach, Florida, Case No. 2006CF004670. Adjudication was withheld and the defendant was placed on five years of probation. Paragraph 32, Presentence Report (PSR), Doc. 66. Court documents obtained by the Probation Office and provided to the parties include the sworn affidavit of the arresting officer, which establishes the underlying facts that led to this conviction. Specifically, the defendant admitted to engaging in multiple acts of oral and vaginal sex with a 13-year-old female, who he picked up at her school and

took to his home. This crime occurred on April 5, 2006, when the defendant was 21 years old, and thus, more than four years older than the victim.

The evidence admitted at trial that led to the defendant's conviction in the instant case include:

- The defendant knew the 11-year-old victim, B.H., through her mother, because they patronized a clothing store where the defendant worked, and the defendant had spoken to B.H.;

- The defendant initiated contact with B.H. via an online chat site also used by B.H.'s mother, in which the mother and daughter were online friends;

- In their initial chat, B.H. told the defendant she was 11 years old, to which the defendant responded, "oh wow, you young, but have you been with guys before;"

- Subsequently, when B.H.'s mother was posing as B.H. in a chat with the defendant, he identified himself as a 29-year-old man, and when the mother wrote "you may be too old for me," the defendant wrote back, "its [sic] just a number but i can teach you things, n make you feel good;"

- During more extended chats with Task Force Agent Michael Spadafora, who was then posing as B.H., the defendant became very explicit and graphic in asking questions of B.H. and describing

what sex acts he wanted to engage in with her. Paragraphs 4 – 13, PSR, Doc. 66.

- The defendant was intercepted and arrested by law enforcement officers at a local drugstore where the defendant thought he was going to meet B.H.

Based on the facts underlying the 2006 conviction for Battery on a Child, and the facts of the instant case, the Probation Office's report recommends a five-level increase in the defendant's Adjusted Offense Level, pursuant to USSG §4B1.5(b)(1), for having engaged in a pattern of activity involving prohibited sexual conduct. Paragraph 28, PSR, Doc. 66.

## II.     MEMORANDUM OF LAW and ARGUMENT

### A. Standard of Review

Purely legal questions within Sentencing Guidelines issues are reviewed de novo, a district court's factual findings are reviewed for clear error, and, in most cases, a court's application of the guidelines to the facts are treated with due deference. United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010).

### B. Guidelines Analysis

USSG §4B1.5(b)(1) provides for a five-level increase where the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor §4B1.5(a) applies, and the defendant has "engaged in a pattern of activity involving prohibited sexual conduct."

3

"Prohibited sexual conduct" includes any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B).

18 U.S.C. § 2426(b)(1)(B) includes a conviction under State law for an offense consisting of conduct that would have been an offense under Chapter 109A if the conduct had occurred within the special maritime and territorial jurisdiction of the United States.

18 U.S.C. § 2243(a)(2), also within Chapter 109A, provides that it is a felony for a person in the special maritime or territorial jurisdiction of the United States to knowingly engage in, or attempt to engage in, a sexual act with another person who is at least four years younger than the person so engaging.

A "pattern of activity involving prohibited sexual conduct" is established when a defendant has, on at least two separate occasions, engaged in "prohibited sexual conduct with a minor." Application Note 4(B)(i), §4B1.5.

An occasion of "prohibited sexual conduct" may be considered for purposes of a §4B1.5(b) increase "without regard to whether the occasion . . . resulted in a conviction for the conduct that occurred on that occasion." Application Note 4(B)(ii), §4B1.5.

USSG §4B1.5 "applies to offenders whose instant offense of conviction is a sex offense committed against a minor and who present a danger to the public." §4B1.5(b)(1) cmt. background. The section "looks at the likelihood that the defendant will become a repeat offender and whether lengthy incarceration is

4

therefore needed to protect the public." United States v. Carter, 292 Fed. Appx. 16, 20 (11th Cir. 2008) (unpublished opinion).

### C. Case Law

Where a defendant, convicted of having attempted to induce a minor to engage in sexual activity, had also previously engaged in sexually explicit online chats sufficient to constitute a substantial step toward the commission of an 18 U.S.C. § 2422(b) offense, the district court did not err in finding a pattern of activity involving prohibited sexual conduct and applying the enhancement of USSG §4B1.5(b)(1). Rothenberg, at 627.

In United States v. Worsham, 479 Fed. Appx. 200 (11th Cir. 2012) (unpublished opinion), the defendant was convicted of having attempted to induce a minor to engage in sexual activity, and at sentencing the government offered statements from three women who said they had been raped or sexually molested by the defendant while they were minors. The PSR detailed the Federal Bureau of Investigation's investigation into the women's claims, and it recommended a five-level increase under §4B1.5(b)(1). The district court adopted the PSR's recommendations and sentenced Worsham to life in prison. His appeal, inter alia, challenged the sentence on Sixth and Eighth Amendment grounds, and was affirmed.

If the offense of conviction qualifies as "prohibited sexual conduct" the pattern-of-activity enhancement applies even with only one additional occasion of

5

prohibited sexual conduct. <u>United States v. Castleberry</u>, 594 Fed. Appx. 612 (11th Cir. 2015) (unpublished opinion) (citing <u>Rothenberg</u>, at 625, n. 5).

### D. Argument

In 2006, the defendant pleaded guilty to battery on a child, based on his admissions of multiple occasions of oral and vaginal sex with a 13-year-old female. Had this crime occurred within the special or territorial jurisdiction of the United States, the defendant could have been charged with a violation of 18 U.S.C. § 2243.

Unlike the cases cited above, where there were no guilty pleas to, or even charges alleging, the prior occasions of prohibited sexual conduct, the evidence against this defendant is unassailable. The Court documents obtained from West Palm Beach indicate that the defendant admitted his conduct, he was represented by the Public Defender's Office, and that he pleaded guilty. The investigating officer's sworn affidavit establishes the underlying facts.

The only logical finding is that the defendant's conduct in 2006, in conjunction with the conduct of the offense of the conviction in this case, establishes the exact pattern of activity of prohibited sexual conduct contemplated by USSG §4B1.5(b)(1).

## **CONCLUSION**

WHEREFORE, the United States concurs with the recommendation of the Probation Office that §4B1.5(b)(1) applies and the defendant's Guideline score should be increased accordingly.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: *s/Bruce S. Ambrose*
BRUCE S. AMBROSE
Assistant United States Attorney
USA No. 075
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:  (407) 648-7643
E-mail:  bruce.ambrose@usdoj.gov

U.S. v. JEAN ROUSSEL ELOI        Case No. 6:14-cr-248-Orl-28GKK

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Maria Guzman
Assistant Federal Defender

*s/ Bruce S. Ambrose*
BRUCE S. AMBROSE
Assistant United States Attorney
USA NO. 075
400 W. Washington St., Ste. 3100
Orlando, Florida 32801
Telephone:     (407) 648-7500
Facsimile:     (407) 648-7643
E-mail:    bruce.ambrose@usdoj.gov