UNITED STATES DISTRICT COURT
MIDDLE DISTRICTOF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                  Case No. 6:14-cr-248-Orl-28GJK

**JEAN ROUSSEL ELOI,**

    Defendant.
_____/

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION (DOC. 75)

Defendant Jean Roussel Eloi (hereinafter, "Mr. Eloi"), by and through undersigned counsel and pursuant to this Honorable Court's order (Doc. 78) authorizing him to do so, submits the following reply[1] to the Government's Response in Opposition (Doc. 75) and states as follows:

1.     Mr. Eloi is currently set for sentencing on July 17, 2015.

2.     The Presentence Investigation Report ("PSR") recommends a guidelines range of "life" based on a total offense level of 43 and a criminal history category of I. This calculation includes the application of a 5-level enhancement pursuant to USSG §4B1.5(b). That enhancement was based on two instances of qualifying conduct: (1) Mr. Eloi's current conviction and (2) an offense back in

---

[1] This reply provides more detail regarding the basis for continuance sought in Mr. Eloi's Motion to Continue Sentencing. Doc. 74.

1

2006 where Mr. Eloi was accused of having sex with a 13-year-old girl. The 2006 offense ultimately resulted in Mr. Eloi pleading guilty to "Battery of a Child" and receiving five years' probation. Adjudication of guilt was withheld.

3. The Guidelines indicate USSG § 4B1.5(b) only applies if § 4B1.5(a) does not. *See* USSG § 4B1.5(b)("In any case in which the defendant's instant offense of conviction is a covered sex crime, neither 4B1.1 ***nor subsection (a) of this guideline applies***, and the defendant engaged in a pattern of sexual activity involving prohibited sexual conduct [the offense level shall be 5 plus the offense level under Chapters Two and Three.]").

4. Since application of § 4B1.5(b) depends on whether § 4B1.5(a) applies, consideration of § 4B1.5(a) is necessary.

5. USSG § 4B1.5(a) requires a determination of whether "the defendant committed the instant offense of conviction[2] subsequent to sustaining at least one ***sex offense conviction***." (Emphasis added).

6. A "sex offense conviction" under § 4B1.5(a) is defined, in relevant part, as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)". *See* USSG § 4B1.5, comment. (n. 3(A)((ii))). 18 U.S.C. § 2426(b)(1), in turn, defines "prior sex offense conviction" for state law convictions as "a conviction for an offense --

---

[2] Mr. Eloi was convicted of one count of 18 U.S.C. § 2422(b), which is a crime under Chapter 117 of title 18, United States Code, and is thus an "instant offense of conviction." *See* USSG § 4B1.5, comment. (n. 2).

2

... under State law for an offense consisting of *conduct* that would have been an offense under [Chapter 109A] if the *conduct* had occurred within the special maritime and territorial jurisdiction of the United States...." 18 U.S.C. § 2426(b)(1)(B) (emphasis added).

7. The government argued in its sentencing memorandum that Mr. Eloi's 2006 offense "could have been charged with a violation of 18 U.S.C. § 2243" if it "occurred within the special or territorial jurisdiction of the United States." Doc. 69 at 6. This is simply another way of saying Mr. Eloi's 2006 offense was "an offense consisting of conduct that would have been an offense under [Chapter 109A] if the conduct had occurred within the special maritime and territorial jurisdiction of the United States...." 18 U.S.C. § 2426(b)(1)(B), *supra*. In other words, Mr. Eloi's 2006 offense could be a "sex offense conviction."

8. But in order for the 2006 offense to be a "sex offense conviction," it must first be a "conviction." *See* 18 U.S.C. § 2426(b)(1) (defining "prior sex offense conviction" for state law convictions as "a *conviction* for an offense --...").

9. If Mr. Eloi's 2006 case is a "sex offense conviction," as it very well could be, then USSG § 4B1.5(a) would apply and application of § 4B1.5(b) would be precluded. The government does not acknowledge this possibility, although it refers to Mr. Eloi's 2006 case as a "conviction." *See* Doc. 69 at 1, 3.

10.     The government argues in its Response in Opposition (Doc. 75) that the Florida Supreme Court's answer to the certified question posed to it by the Eleventh Circuit in *United States v. Clarke*, 780 F.3d 1131, 1133 (11th Cir. 2015), is "misplaced" as "the answer to the certified question has no bearing on application of USSG 4B1.5(b)(1)." Doc. 75 at 2. While it is true the question certified[3] to the Florida Supreme Court is whether a guilty plea for which adjudication is withheld qualifies as a "conviction" for purposes of Florida's felon-in-possession of firearms statute, at this time there is simply no telling how the Florida Supreme Court will rule, or the scope of its ruling. Because the central, general issue in that case deals with whether an offense for which adjudication of guilt was withheld counts as a "conviction," there exists a real possibility that Mr. Eloi's case may be affected. Mr. Eloi's adjudication of guilt was withheld in his 2006 state offense and whether that offense is a "conviction" will determine whether § 4B1.5(a) applies, which in turn will determine whether § 4B1.5(b) can be applied.

11.     As this Court is well aware, a sentencing court must calculate the Guidelines range accurately, and a misinterpretation of the Guidelines by a district court effectively means that it has not properly consulted the Guidelines. *United*

---

[3] "Florida law prohibits a person from 'own[ing] or ... hav[ing] in his or her care, custody, possession, or control any firearm ... if that person has been ... [c]onvicted of a felony in the courts of [Florida].' Fla. Stat. § 790.23(1). For purposes of that statute, does a guilty plea for a felony for which adjudication was withheld qualify as a 'convict[ion]'?" *United States v. Clarke*, 780 F.3d 1131, 1133 (11th Cir. 2015).

*States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005).  As there is some confusion whether Mr. Eloi's 2006 offense was a "conviction" under state law, and whether it was a "conviction" determines whether § 4B1.5(a) or § 4B1.5(b) applies in this case, there is a real chance of error in calculating the Guidelines as long as the question certified in *Clarke* remains unanswered.

  12. Mr. Eloi thus respectfully submits that a continuance of his sentencing hearing is warranted until the Florida Supreme Court answers the certified question.  Oral argument in the Florida Supreme Court is scheduled for October 6, 2015.

  13. Mr. Eloi remains incarcerated. Under the best of circumstances, he is facing a ten-year mandatory minimum sentence. *See* 18 U.S.C. § 2422(b). The government, then, will not be prejudiced by the requested continuance, and this Court has already noted that it "would not be a great burden . . . to continue the sentencing" pending the Florida Supreme Court's resolution of the certified question.

  WHEREFORE, Mr. Eloi prays this Honorable Court grant his motion to continue his sentencing.

       Respectfully submitted,

       Donna Lee Elm
       Federal Defender

       */S/ Maria Guzman*
       James T. Skuthan
       Florida Bar Number: 0544124
       for Maria Guzman
       Assistant Federal Defender
       Florida Bar Number: 053325
       201 South Orange Avenue, Suite 300
       Orlando, Florida 32801
       Telephone 407-648-6338
       Facsimile 407-648-6095
       E-Mail:  maria_guzman@fd.org
       Counsel for Defendant

**CERTIFICATE OF SERVICE AND GOVERNMENT OPPOSITION**

I HEREBY CERTIFY that on this 9th day of July, 2015, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk the Court, which will send notice of the electronic filing to the following: Bruce Ambrose, AUSA.

Furthermore, by filing this motion, the undersigned certifies that he has conferred with the attorney for the Government in this case, who informed him the Government opposes the relief sought. Accordingly, the parties have been unable to resolve this motion by agreement.

/S/ Maria Guzman
James T. Skuthan
Florida Bar Number: 0544124
for Maria Guzman
Assistant Federal Defender
Attorney for Defendant