UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 6:14-cr-248-Orl-28GJK

JEAN ROUSSEL ELOI

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, hereby submits its Sentencing Memorandum on the following issues:

1. Whether defendant's guilty plea to an Information charging a violation of Florida Statute § 784.085 qualifies as a sex offense conviction under USSG §4B1.5(a).

2. Whether USSG §4B1.5(b) should be applied based on evidence that the defendant engaged in a pattern of activity involving prohibited sexual conduct to justify a five-level increase in the Adjusted Offense Level, pursuant to USSG §4B1.5(b)(1).

### I.   STATEMENT OF FACTS

On June 29, 2006, in West Palm Beach, Florida, the defendant pleaded guilty to the State offense of Battery On A Child, a violation of Florida Statute § 784.085(1), in Case No. 2006CF004670. Adjudication was withheld and the defendant was placed on five years of probation. Paragraph 32, Presentence

Report (PSR), Doc. 66. Court documents obtained by the Probation Office and provided to the parties include the sworn affidavit of the arresting officer, which establish the underlying facts that led to this conviction.

On July 17, 2015, Boynton Police Department Detective Toby Athol testified at the initial sentencing hearing, and he described his investigation and interview of the defendant in 2006. Detective Athol's sworn Probable Cause Affidavit and a recording of the defendant's interview by Detective Athol were admitted at the hearing, as Government Exhibits 1 and 2, respectively. Detective Athol's testimony and the two exhibits establish that the defendant admitted to engaging in multiple acts of oral and vaginal sex with a 13-year-old female, who he had known for about a year. The female had called him to pick her up, and after they had sex in his home he drove her to the Middle School where she was enrolled as a student. This crime occurred on April 5, 2006, when the defendant was 21 years old, and thus, more than four years older than the victim.

The evidence admitted at trial that led to the defendant's conviction in the instant case include:

- The defendant knew the 11-year-old victim, B.H., through her mother, because they patronized a clothing store where the defendant worked, and the defendant had spoken to B.H.;

- The defendant initiated contact with B.H. via an online chat site also used by B.H.'s mother, in which the mother and daughter were online friends;

- In their initial chat, B.H. told the defendant she was 11 years old, to which the defendant responded, "oh wow, you young, but have you been with guys before;"
- Subsequently, when B.H.'s mother was posing as B.H. in a chat with the defendant, he identified himself as a 29-year-old man, and when the mother wrote "you may be too old for me," the defendant wrote back, "its [sic] just a number but i can teach you things, n make you feel good;"
- During more extended chats with Task Force Agent Michael Spadafora, who was then posing as B.H., the defendant became very explicit and graphic in asking questions of B.H. and describing what sex acts he wanted to engage in with her. Paragraphs 4 – 13, PSR, Doc. 66;
- The defendant was intercepted and arrested by law enforcement officers at a local drugstore where the defendant thought he was going to meet B.H.

Based on the facts underlying the 2006 conviction for Battery on a Child, and the facts of the instant case, the Probation Office recommends a five-level increase in the defendant's Adjusted Offense Level, pursuant to USSG §4B1.5(b)(1), for having engaged in a pattern of activity involving prohibited sexual conduct. Paragraph 28, PSR, Doc. 66. The United States concurs with the recommendation of the Probation Office.

The defendant has objected to application of USSG §4B1.5(b), arguing, correctly, that §4B1.5(b) applies only if §4B1.5(a) does not apply (Doc 79 at 3), but then arguing that the Court may not consider the State court documents to determine whether §4B1.5(a) applies (Doc. 81 at 3).

## II.  MEMORANDUM OF LAW and ARGUMENT

### A.  Standard of Review

Purely legal questions within Sentencing Guidelines issues are reviewed de novo, a district court's factual findings are reviewed for clear error, and, in most cases, a court's application of the guidelines to the facts are treated with due deference. United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010).

### B.  Guidelines Analysis

#### 1.  USSG §4B1.5(a) Does Not Apply

The Court has asked the parties to provide authority on whether a violation of Florida Statute § 784.085 would be a sex offense under federal law and USSG §4B1.5(a).[1] The answer is no, it would not be a sex offense, as explained in the discussion below.

The State's Information charged the defendant with a violation of Florida Statute § 784.085(1), a third-degree felony, that is, he "did, while 18 years of age or older, knowingly and unlawfully cause or attempt to cause J.S., a child under the age of 18, to come into contact with blood, seminal fluid, or urine or feces by

---

[1] Florida Statute § 784.085 has been applied to enhance a defendant's Guideline score as a career offender. See, United States v. Young, 527 F.3d 1274 (11th Cir. 2008) (using the categorical approach, holding that § 784.085 is a crime of violence for a career offender enhancement pursuant to USSG §4B1.1(a)).

4

throwing, projecting or expelling such fluid or material." The Information quoted the language of the statute.

USSG §4B1.5(a) requires a "sex offense conviction," which is defined as any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B) if the offense was perpetrated against a minor, and does not include child pornography. §4B1.5, comment. (N.3(A)(ii)).

18 U.S.C. § 2426(b)(1)(A) defines a prior sex conviction as any offense under U.S.C. Chapters 117, 109A or 110, or Section 1591.

Chapter 117 involves transportation for illegal sexual activity and related crimes, and none of the offenses enumerated in that chapter have elements that match Florida Statute § 784.085(1).

Chapter 110 involves sexual exploitation of children and other abuse of children, and none of the offenses enumerated in that chapter have elements that match Florida Statute § 784.085(1).

Chapter 109A involves sexual abuse of certain individuals, and none of the offenses enumerated in that chapter have elements that match Florida Statute § 784.085(1) because they all require as an element either a "sexual act" or "sexual contact," while Florida Statute § 784.085(1) has no such element. A person may violate Florida Statute § 784.085(1) without committing a "sexual act" or engaging in "sexual contact" as those terms are defined in 18 U.S.C. § 2246(2) and (3). In the only federal case analyzing Florida Statute § 784.085, the Court in United States v. Young, 527 F.3d 1274 (11th Cir. 2008) reasoned that it "requires the

5

violator to cause the child to come into contact with bodily fluids, by 'throwing, tossing, projecting, or expelling' the fluids," and "[t]he impact of the fluids against the child . . . satisfies the requirement of physical force." Id. at 1278. The Court did not read into § 784.085 an element requiring a "sexual act" or "sexual contact" and nothing in the history or enforcement of the statute since enactment in 2000 suggests such an element exists.

### 2. USSG §4B1.5(b) Does Apply

Because USSG §4B1.5(a) does not apply, the Court should then determine whether §4B1.5(b) applies. The answer is yes, because the evidence before the Court establishes that the defendant engaged in a pattern of activity involving prohibited sexual conduct. The United States submits that the evidence admitted on July 17, 2015, that is, Detective Athol's testimony, his Probable Cause Affidavit, and the recorded interview of the defendant, not the State court documents, should lead to this conclusion. There is no requirement for a previous conviction to establish a pattern of conduct.

USSG §4B1.5(b)(1) provides for a five-level increase where the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor §4B1.5(a) applies, and the defendant has "engaged in a pattern of activity involving prohibited sexual conduct."

"Prohibited sexual conduct" includes any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B).

6

18 U.S.C. § 2426(b)(1)(B) includes a conviction under State law for an offense consisting of conduct that would have been an offense under Chapter 109A if the conduct had occurred within the special maritime and territorial jurisdiction of the United States.

18 U.S.C. § 2243(a)(2), also within Chapter 109A, provides that it is a felony for a person in the special maritime or territorial jurisdiction of the United States to knowingly engage in, or attempt to engage in, a sexual act with another person who is at least four years younger than the person so engaging.

A "pattern of activity involving prohibited sexual conduct" is established when a defendant has, on at least two separate occasions, engaged in "prohibited sexual conduct with a minor." §4B1.5, comment. (N. 4(B)(i)).

An occasion of "prohibited sexual conduct" may be considered for purposes of a §4B1.5(b) increase "without regard to whether the occasion . . . resulted in a conviction for the conduct that occurred on that occasion." Id., comment. (N.4(B)(ii)).

USSG § 4B1.5 "applies to offenders whose instant offense of conviction is a sex offense committed against a minor and who present a danger to the public." §4B1.5, comment. (Background). The section "looks at the likelihood that the defendant will become a repeat offender and whether lengthy incarceration is therefore needed to protect the public." United States v. Carter, 292 Fed. Appx. 16, 20 (11th Cir. 2008) (unpublished opinion).

Where a defendant, convicted of having attempted to induce a minor to engage in sexual activity, had also previously engaged in sexually explicit online chats sufficient to constitute a substantial step toward the commission of an 18 U.S.C. § 2422(b) offense, which were never charged, the district court did not err in finding a pattern of activity involving prohibited sexual conduct and applying the enhancement of USSG §4B1.5(b)(1). Rothenberg, at 627.

In United States v. Worsham, 479 Fed. Appx. 200 (11th Cir. 2012) (unpublished opinion), the defendant was convicted of having attempted to induce a minor to engage in sexual activity, and at sentencing the government offered statements from three women who said they had been raped or sexually molested by the defendant while they were minors. The PSR detailed the Federal Bureau of Investigation's investigation into their claims, and it recommended a five-level increase under §4B1.5(b)(1). The district court adopted the PSR's recommendations and sentenced Worsham to life in prison. His appeal, inter alia, challenged the sentence on Sixth and Eighth Amendment grounds, and was affirmed.

If the offense of conviction qualifies as "prohibited sexual conduct" the pattern-of-activity enhancement applies even with only one additional occasion of prohibited sexual conduct. United States v. Castleberry, 594 Fed. Appx. 612 (11th Cir. 2015) (unpublished opinion) (citing Rothenberg, at 625, n. 5). Here, the defendant is accountable for not one, but two additional occasions of prohibited

sexual conduct based on engaging in two separate proscribed types of sexual acts in 2006.

In 2006, the defendant, then 21 years old, admitted to having oral and vaginal sex with a 13-year-old female. Had this conduct occurred within the special or territorial jurisdiction of the United States, the defendant could have been charged with a violation of 18 U.S.C. § 2243. In fact, the defendant could have been charged with two separate violations of § 2243 based on the two different sexual acts he admitted to committing. Comparing 18 U.S.C. § 2246(2)(A) and (B), the defendant committed both proscribed types of sexual act with the 13-year-old.

The evidence before the Court in the form of Detective Athol's testimony, and Government Exhibits 1 and 2, is unassailable. The defendant was properly advised of his constitutional rights under Miranda, then he voluntarily waived those rights and admitted his conduct. "[A] deliberate voluntary confession of guilt is among the most effectual proofs in the law, and constitutes the strongest evidence against the party making it that can be given of the facts stated in such confession." Sparf v. United States, 156 U.S. 51, 55, (1895) (quoting, King v. Warickshall, 1 Leach, 263).

The only logical finding is that the defendant's conduct in 2006, in conjunction with the conduct of the offense of the conviction in this case, establishes the exact pattern of activity of prohibited sexual conduct contemplated by USSG §4B1.5(b)(1).

## **CONCLUSION**

WHEREFORE, the United States concurs with the recommendation of the Probation Office that §4B1.5(b)(1) applies and the defendant's Guideline score should be increased accordingly.

        Respectfully submitted,

        A. LEE BENTLEY, III
        United States Attorney


By: *s/Bruce S. Ambrose*
     BRUCE S. AMBROSE
     Assistant United States Attorney
     USA No. 075
     400 W. Washington Street, Suite 3100
     Orlando, Florida 32801
     Telephone:  (407) 648-7500
     Facsimile:  (407) 648-7643
     E-mail:  bruce.ambrose@usdoj.gov

**U.S. v. JEAN ROUSSEL ELOI**            Case No. 6:14-cr-248-Orl-28GJK

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Maria Guzman
Assistant Federal Defender

                                                *s/ Bruce S. Ambrose*
                                                BRUCE S. AMBROSE
                                                Assistant United States Attorney
                                                USA NO. 075
                                                400 W. Washington St., Ste. 3100
                                                Orlando, Florida 32801
                                                Telephone:    (407) 648-7500
                                                Facsimile:     (407) 648-7643
                                                E-mail:   bruce.ambrose@usdoj.gov