UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 6:14-CR-248-ORL-36GJK

JEAN ROUSSEL ELOI,

    Defendant.
_____/

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM
PURSUANT TO COURT ORDER (Doc 83)**

## Introduction

Defendant's sentencing hearing began on July 17, 2015. Issues arose concerning the government's request for an offense level enhancement pursuant to USSG § 4B1.5(b)(1). The Court continued the sentencing to August 17, 2015, and entered an order directing the parties to "submit memoranda regarding the issues identified in open court." Doc. 83. This is Mr. Eloi's memorandum.

## Factual Background

Mr. Eloi was charged with attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Doc. 13. He proceeded to trial, and the

1

jury found him guilty. Doc. 51.

The final version of the Presentence Investigation Report ("PSR," found at Doc. 82) recommended a base offense level of 28 pursuant to USSG § 2G1.3(a)(3). PSR ¶ 22. The offense level was increased for use of a computer and the age of the victim, resulting in an adjusted offense level of 38. *See* PSR ¶¶ 23, 24, 28. Probation recommended a further increase of five levels pursuant to USSG § 4B1.5(b)(1), resulting in a total offense level of 43. PSR ¶¶ 29, 31. Although Mr. Eloi scored just one criminal history point, and so was criminal history category I, the offense level of 43 resulted in an advisory guidelines range of life imprisonment. PSR ¶¶ 32-35, 66.

According to Probation the five-level enhancement applies because: "The offense of conviction is a covered sex crime, neither §4B1.1 (Career Offender), nor subsection (a) of §4B1.5 applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct." PSR ¶ 29. The "pattern of activity involving prohibited sexual conduct" resulted from the instant offense and Mr. Eloi's only prior criminal case. That prior case, from 2006 in West Palm Beach, resulted in a conviction for battery of a child. *See* PSR ¶ 33. According to the PSR, the circumstances of the prior conviction were that Mr. Eloi, then 21 years old, had oral and vaginal sex with a 13-year-old female. PSR ¶ 33.

The government filed a sentencing memorandum acknowledging that Mr.

ELoi's 2006 case resulted in a "conviction," Doc. 69 at 1, 3, and arguing that USSG § 4B1.5(b)(2) was properly used to enhance Mr. Eloi's offense level. Doc. 69 at 3-6. The government did not explain why it thought that USSG § 4B1.5(a) was not applicable.

Mr. Eloi moved to continue the sentencing hearing pending resolution of a case where the Court of Appeals certified a question of state law to the Florida Supreme Court. Doc. 74. In *United States v. Clarke*, 780 F.3d 1131 (11th Cir. 2015), the Court certified this question:

> Florida law prohibits a person from "own[ing] or . . . hav[ing] in his or her care, custody, possession, or control any firearm . . . if that person has been . . . [c]onvicted of a felony in the courts of [Florida]." Fla. Stat. § 790.23(1). For purposes of that statute, does a guilty plea for a felony for which adjudication was withheld qualify as a "convict[ion]"?

*Id*. at 1133. In his motion, Mr. Eloi asserted that the phrase "sex offense conviction" is found in USSG § 4B1.5(a), and so the decision in *Clarke* as to whether a withheld adjudication qualified as a "conviction" under Florida law "could have implications as to both subsections" of § 4B1.5. Doc. 74 at 2-3.

The government opposed the requested continuance. Doc. 75.

The Court was "not clear" that the answer to the question posed in *Clarke* had "a meaningful bearing on the application of the Guidelines in this case." Doc. 78 at 2. The Court thus permitted Mr. Eloi to file a reply better explaining why *Clarke* was

3

relevant to the sentencing here. Doc. 78 at 3.

Mr. Eloi's reply explained that "USSG § 4B1.5(b) only applies if § 4B1.5(a) does not." Doc. 79 at 2. Thus, "consideration of § 4B1.5(a) is necessary" before § 4B1.5(b) can be applied. Doc. 79 at 2. As relevant here, Mr. Eloi argued that his conduct in his prior 2006 case could be considered a "sex offense conviction" as that term is used in § 4B1.5(a), but only if it was a "conviction." *See* Doc. 79 at 2-3 (¶¶ 5-8). If he has a prior "sex offense conviction," then § 4B1.5(a) applies and § 4B1.5(b) does not apply. Doc. 79 at 3 ( ¶ 9); *see* USSG § 4B1.5(b) (providing that it applies when "neither §  4B1.1 nor subsection (a) of this guideline applies").

The Court denied Mr. Eloi's motion to continue his sentencing. Doc. 80. The sentencing hearing thus commenced on July 17, 2014. Before the hearing was adjourned, the government had presented evidence showing that the conduct underlying Mr. Eloi's 2006 West Palm Beach case consisted of him having oral and vaginal sex with a girl who was 13 years old.

**Argument**

When calculating the guidelines range, USSG § 4B1.5(a) applies when "the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction." USSG §

4

4B1.5(a).

USSG § 4B1.5(b) applies when "the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct." USSG § 4B1.5(b).

The two subsections of § 4B1.5 are thus mutually exclusive. Subsection (b) cannot be applied in cases where subsection (a) applies. The PSR here asserts that § 4B1.5(b) is applicable, but does not explain why § 4B1.5(a) is inapplicable. *See* PSR ¶¶ 29, 33. To determine if the PSR is correct in applying § 4B1.5(b), then, we first have to examine whether § 4B1.5(a) applies.

The instant offense of conviction here is for violating 18 U.S.C. § 2422(b), which is part of Chapter 117. This conviction thus qualifies as a "covered sex crime." *See* USSG § 4B1.5, comment. (n.2). Moreover, it is clear that the Career Offender guideline does not apply. Section 4B1.5(a) applies, then, if Mr. Eloi's 2006 case constitutes a prior "sex offense conviction."

The term "sex offense conviction" is defined to mean "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor" and was not trafficking in, receipt of, or possession of child pornography. USSG § 4B1.5, comment. (n.3(A)(ii)). Section 2426(b), in turn, defines the term "prior sex

5

offense conviction" to mean "a conviction for an offense . . . under State law for an offense consisting of conduct that would have been an offense under" Chapters 117, 109A, or 110, or Section 1591. 18 U.S.C. § 2426(b)(1)(B).

The government acknowledges that Mr. Eloi's 2006 case from West Palm Beach, described in PSR ¶ 33, resulted in a "conviction." *See* Doc. 69 at 1-2 (government's sentencing memorandum describing "the underlying facts that led to this conviction"), 3 ("the 2006 conviction for Battery on a Child").[1] The remaining issue is whether the conduct underlying the 2006 conviction can be used to establish that it was a "sex offense conviction?"

The answer is yes. Unlike most sentencing enhancements which require application of the categorical approach to ascertain the elements of a prior conviction, *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004), whether a prior state conviction qualifies as a "sex offense conviction" requires consideration of **the conduct** that led to the conviction. *See* 18 U.S.C. § 2426(b)(1)(B). Case law demonstrates this to be true.[2]

In *Breitweiser*, the district court imposed a sentence enhancement pursuant to

---

[1] Mr. Eloi now agrees with the government that his 2006 West Palm Beach case resulted in a "conviction."

[2] In light of his further research, Mr. Eloi withdraws his request for a continuance and his objection to consideration of the conduct underlying his 2006 conviction.

6

18 U.S.C. § 2247 because the defendant had a "prior sex offense conviction" as that term is defined in 18 U.S.C. § 2426(b)(1)(B). 357 F.3d at 1255. The district court had considered a prior conviction for violating "a New Jersey statute that proscribed the endangerment and debauching of minor children" and determined that "the conduct underlying defendant's plea of guilty to the New Jersey charge constituted abusive sexual contact, under § 2244(a)(3), and would therefore constitute an appropriate predicate crime to trigger the recidivist statute." *See United States v. Breitweiser*, 220 F.Supp.2d 1374, 1375, 1376 (N.D. Ga. 2002). On appeal, the Eleventh Circuit affirmed:

> The district court properly looked past the conviction. First, the sentence enhancement statute focuses on the defendant's conduct, not on the elements of the previous offense. Second, the state criminal statute for the prior offense here is ambiguous and encompasses some conduct which would trigger the sentence enhancement and some which would not. It is not possible to determine from the face of the statute whether a person convicted of impairing or debauching the morals of a child has committed conduct sufficient to trigger the sentence enhancements of § 2247. A person convicted of violating the New Jersey statute may have had sexual contact with a minor, or he may have not. For these reasons, the district court did not err in looking beyond the elements of the prior crime.

*Breitweiser*, 357 F.3d at 1255

In *United States v. Smith*, 336 F. App'x 978 (11th Cir. 2009), the Court discussed the holding in *Breitweiser* and stated: "A court may depart from [the categorical] approach and consider the underlying conduct, however, when the

7

sentence enhancement statute is based on a defendant's prior conduct or crime, rather than proof of the elements of a prior offense." *Id*. at 984. Applying *Breitweiser*, the Court of Appeals held that "the district court correctly looked behind the judgment of conviction to Smith's underlying conduct" because the definition of "prior sex offense conviction" found in 18 U.S.C. § 2426(b)(1)(B) is "based on the defendant's prior conduct rather than proof of the elements of the prior offense." 336 F. App'x at 984.

Other case law is in accord with the Eleventh Circuit's holding in *Breitweiser*. *See United States v. Martinez-Hernandez*, 422 F.3d 1084, 1087 (10th Cir. 2005) ("The phrase 'an offense consisting of conduct' . . . directs our attention not to the terms of the statute but to the underlying conduct."); *United States v. Herrera-Roldan*, 414 F.3d 1238, 1241 (10th Cir. 2005) (stating that the Guidelines' definitions of "child pornography offense" and "firearms offense," found in USSG § 2L1.2, comment. (n.(1)(B)(ii) and (v)(VI)) respectively, as including "[a]n offense under state or local law **consisting of conduct** that would have been an offense . . ." contrasted elemental inquiries and "at least arguably directs our attention to the defendant's underlying conduct").

Here, Mr. Eloi's 2006 convicton was for battery of a child, in violation of Fla. Stat. § 784.05(1). PSR ¶ 33. That statute makes it unlawful for any person "to knowingly cause or attempt to cause a child to come into contact with blood, seminal

8

fluid, or urine or feces by throwing, tossing, projecting, or expelling such fluid or material."

As with the New Jersey conviction at issue in *Breitweiser*, a Florida conviction for battery of a child may or may not qualify as a prior "sex offense conviction." It depends on how the crime was committed, that is, the conduct engaged in. Throwing a cup of urine at a child, while disgusting, would not qualify as a "sex offense conviction."

But projecting or expelling seminal fluid on a child by engaging in oral and vaginal sex does qualify as a "sex offense conviction." Such conduct, had it occurred in the special maritime and territorial jurisdiction of the United States, would constitute sexual abuse, proscribed by 18 U.S.C. §§ 2242, 2243 of Chapter 109A as that conduct would be a "sexual act" as defined in 18 U.S.C. § § 2246(2). And, as the evidence introduced by the government at the sentencing hearing here shows, Mr. Eloi did just that in 2006 – he engaged in oral and vaginal sex with a 13-year-old.

Mr. Eloi's 2006 conviction from West Palm Beach, then, is a "sex offense conviction." The applicable guideline is thus § 4B1.5(a). Because § 4B1.5(a) applies, § 4B1.5(b) cannot be applied.

Applying § 4B1.5(a), Mr. Eloi's offense level is 38 and his criminal history cateogry is V. USSG § 4B1.5(a). The resulting advisory guidelines range is 360

9

months to life imprisonment. For the reasons articlated in Mr. Eloi's sentencing memorandum, and for additional reasons that will be argued at the continuation of the sentencing hearing, Mr. Eloi humbly requests a variance sentence considerably below the advisory range.

One final point remains to be made. The government's position, Doc. 75 at 1-2, that it is not relying on the actual conviction from the 2006 West Palm Beach case to establish the § 4B1.5(b) enhancement is beside the point. If that conviction was a "sex offense conviction," and it was, then § 4B1.5(a) applies and the Court never gets to § 4B1.5(b).

## Conclusion

In 2006, Mr. Eloi was convicted of battery of a child based on conduct consisting of having oral and vaginal sex with a 13-year-old. That conviction qualifies as a "sex offense conviction" since such conduct meets the federal definition of a "sexual act," proscribed by the sexual abuse statutes. USSG § 4B1.5(a) is thus applicable, rendering § 4B1.5(b) inapplicable. The advisory guideline range is correctly calculated at 360 months to life imprisonment based on an offense level of

38 and a criminal history category of V.

>Respectfully submitted,
>
>Donna Lee Elm
>Federal Defender
>
>/s/ *Maria Guzman*
>Maria Guzman
>Assistant Federal Defender
>Florida Bar Number 053325
>201 South Orange Avenue, Suite 300
>Orlando, Florida  32801
>Telephone 407-648-6338
>Facsimile 407-648-6095
>E-Mail: maria_guzman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Supplemental Sentencing Memorandum* was filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to Bruce Ambrose, Assistant U.S. Attorney, Orlando Division, this 27th day of July 2015.

>/s/ *Maria Guzman*
>Maria Guzman
>Assistant Federal Defender