## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                     **CASE NO: 6:14-cr-248-Orl-28GJK**

**JEAN ROUSSEL ELOI**

_____

## ORDER

Jean Roussel Eloi came before me for sentencing after a jury found him guilty of the charge of coercion or enticement of a minor to engage in sexual activity.[1] This Order explains the Court's computation of Defendant's sentencing range under the United States Sentencing Guidelines and the Court's resolution of Defendant's objection to the sentencing range calculation urged by the Government.

In federal courts, significant—and often disproportionate—time is spent grappling with the United States Sentencing Guidelines. Probation officers, prosecutors, defense attorneys, and judges apply various provisions of the Guidelines in an effort to accurately determine a defendant's total offense level and criminal history category, resulting in an advisory sentencing range. This undertaking is sometimes complicated by the necessity of interpreting referenced statutes and case law in addition to the Guidelines provisions themselves. Once the trial courts have made their calls, appellate courts take their turn straightening matters out.

Considerable resources are expended to make the arithmetical calculations

_____

[1] 18 U.S.C. § 2422(b).

necessary to calculate the Guidelines sentencing range. In fact, more often than not, this exercise is the focus of a criminal prosecution. In this case, the intricacies of Guidelines § 4B1.5 and statutes referenced therein resulted in the irony of Defendant taking the position that his prior state court offense constituted a sex offense conviction. In the end, I agreed with Defendant on this point, but the sentence would have been the same had I decided that the prior conviction was not a sex offense conviction as contemplated by § 4B1.5.

The offense of conviction—coercion or enticement of a minor to engage in sexual activity—was committed in July 2014. Other than traffic infractions, Defendant's criminal history consisted of one prior offense, a 2006 state law conviction for battery of a child[2] in Florida circuit court in Palm Beach County, for which Defendant received a sentence of five years' probation. (See Presentence Investigation Report ("PSR"), Doc. 82, at 7).

Under the Guidelines, Defendant falls within Criminal History Category I, (see PSR at 7-8; USSG ch. 4, pt. A), and has a Base Offense Level of 28, (see PSR at 6; USSG § 2G1.3(a)(3)). The offense level is increased because two Specific Offense Characteristics applied. First, two levels are added under USSG § 2G1.3(b)(3)(A) due to the use of a computer in commission of the crime.[3] Second, eight levels are added under USSG § 2G1.3(b)(5) because Defendant's intended victim was under the age of 12 years. This results in an Adjusted Offense Level of 38, to which the parties agree.

The only dispute the parties have with regard to calculating the Total Offense Level

---

[2] § 784.085, Fla. Stat.

[3] Unlike in child pornography offenses, the use of a computer is not inherent in the commission of Defendant's crime of conviction.

centers on the application of a Chapter Four enhancement under USSG § 4B1.5—specifically, which of the two alternatives under that section applies here.  Section 4B1.5 provides:

(a)     In any case in which the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction:

(1)     The offense level shall be the greater of:

(A)     the offense level determined under Chapters Two and Three; or

(B)     the offense level from the table below decreased by the number of levels corresponding to any applicable adjustment from § 3E1.1 (Acceptance of Responsibility):

| Offense Statutory Maximum | Offense Level |
|---|---|
| (i) Life | 37 |
| (ii) 25 years or more | 34 |
| (iii) 20 years or more, but less than 25 years | 32 |
| (iv) 15 years or more, but less than 20 years | 29 |
| (v) 10 years or more, but less than 15 years | 24 |
| (vi) 5 years or more, but less than 10 years | 17 |
| (vii) More than 1 year, but less than 5 years | 12. |

(2)     The criminal history category shall be the greater of: (A) the criminal history category determined under Chapter Four, Part A (Criminal History); or (B) criminal history Category V.

(b)     In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:

(1)     The offense level shall be 5 plus the offense level determined under Chapters Two and Three.  However, if the resulting offense level is less than level 22, the offense level shall be level 22, decreased by the number of levels corresponding to any applicable adjustment from § 3E1.1.

3

(2)     The criminal history category shall be the criminal history category determined under Chapter Four, Part A.

USSG § 4B1.5 (emphasis removed).

The Probation Office recommended that subsection 4B1.5(b) applies and that I add 5 levels in accordance with paragraph 4B1.5(b)(1), which would lead to a Total Offense Level of 43. Under subsection (b), Defendant's Criminal History Category would remain at I, resulting in a Guidelines sentencing range of life imprisonment. The Government takes the position that both subsection (a) and subsection (b) apply to the facts but that because subsection (b) results in a harsher sentence, I should calculate the sentencing range using subsection (b). In making this argument, the Government relies on a Guidelines application note, USSG § 1B1.1 cmt. n.5, which provides that "[w]here two or more guideline provisions appear equally applicable, but the guidelines authorize the application of only one such provision, use the provision that results in the greater offense level." The problem with this argument is that a plain reading of § 4B1.5 establishes that subsection (a) and (b) are not "equally applicable." Clearly, if subsection (a) applies, subsection (b) does not.

Defendant objects to the Probation Office's proposed score and to the Government's position, arguing that subsection (a)—not subsection (b)—applies. Under subsection (a), Defendant's Total Offense Level would remain at 38, his Criminal History Category would be increased to V, and the resulting Guidelines sentencing range would be 360 months to life in prison.

By its terms, subsection 4B1.5(a) applies if the "instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex

4

offense conviction." USSG § 4B1.5(a). There is no dispute that the instant offense of conviction is "a covered sex crime" or that § 4B1.1 (Career Offender) does not apply. The parties dispute only whether the 2006 conviction in Palm Beach County for battery of a child constitutes a prior "sex offense conviction." Defendant argues that it is such a conviction,[4] while the Government maintains that it is not.

For the purposes of subsection 4B1.5(a), "sex offense conviction" is defined as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor." USSG § 4B1.5 cmt. n.3. Section 2426(b)(1) of Title 18, in turn, defines "prior sex offense conviction" as (A) "an offense . . . under [chapter 117], chapter 109A, chapter 110, or section 1591" of the United States Code or (B) an offense "under State law for an offense consisting of conduct that would have been an offense [under any of those chapters] if the conduct had occurred within the special maritime and territorial jurisdiction of the United States."

The parties disagree as to the proper approach to be taken by the Court in determining whether Defendant's 2006 conviction was a "sex offense conviction." The Government urges the Court to employ the "categorical approach" and analyze only the terms of the Florida statute of conviction,[5] while Defendant argues that the Court should

---

[4] Defendant initially challenged whether it was a "conviction" at all, but Defendant has since withdrawn that objection. (See Doc. 88 at 6 n.1).

[5] See, e.g., United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004) (explaining that under the "categorical approach," the court "'is generally required to consider only the fact of conviction and the statutory definition of the prior offense'" (quoting United States v. Krawczak, 331 F.3d 1302, 1306 (11th Cir. 2003))).

use the "factual approach" and examine the underlying conduct that led to that conviction.[6] Defendant has cited controlling authority supporting his position that the factual approach applies here, and thus Defendant's argument is persuasive.

In United States v. Breitweiser, 357 F.3d 1249 (11th Cir. 2004), the Eleventh Circuit explained that generally the "categorical approach" applies in determining the applicability of a sentencing enhancement but that there are exceptions. 357 F.3d at 1254. "Although the 'categorical approach' must be used when a sentencing enhancement statute requires proof of the *elements* of a prior offense, a court may look beyond the conviction when sentence enhancements are based on a defendant's prior *conduct or crime*." Id. (emphasis in original). A court may "'look behind a state conviction . . . where the judgment of conviction and the statute are ambiguous.'" Id. at 1255 (quoting United States v. Krawczak, 331 F.3d 1302, 1306 (11th Cir. 2003)). Such an ambiguity may exist "where the statutory language of the prior conviction 'encompasse[s] some offenses that would satisfy the enhancement statute and others that would not.'" Id. (alteration in original) (quoting United States v. Fulford, 267 F.3d 1241, 1249 (11th Cir. 2001)).

The Breitweiser court then analyzed the language of section 2426(b)(1)(B) quoted above—"an offense consisting of *conduct* that would have been an offense" under other provisions. Id. (emphasis in original). The Court concluded that "[t]he district court properly looked past the conviction" because "the sentence enhancement statute [§ 2426(b)(1)(B)]

---

[6] It is undisputed, and indeed the record unquestionably reflects, that the conduct underlying Defendant's 2006 conviction would have constituted an offense under 18 U.S.C. § 2426(b)(1).

focuses on the defendant's conduct, not on the elements of the previous offense, and because the state statute involved in <u>Breitweiser</u> was "ambiguous and encompasse[d] some conduct which would trigger the sentence enhancement and some which would not." <u>Id.</u>; accord <u>United States v. Smith</u>, 336 F. App'x 978, 983-85 (11th Cir. 2009).

This case is indistinguishable from <u>Breitweiser</u>, and this controlling authority thus disposes of the issue at hand in Defendant's favor.[7] The Florida statute that Defendant was convicted of violating in 2006 makes it "unlawful for any person . . . to knowingly cause or attempt to cause a child to come into contact with blood, seminal fluid, or urine or feces by throwing, tossing, projecting, or expelling such fluid or material." § 784.085(1), Fla. Stat. Clearly this statute encompasses some conduct that would trigger the sentence enhancement and some that would not. Moreover, it is undisputed that the conduct underlying Defendant's 2006 conviction does indeed trigger the sentencing enhancement of subsection 4B1.5(a). In sum, it is proper here to look at the conduct underlying the 2006 conviction, and upon doing so it is clear that that conviction is a "sex offense conviction" as defined for purposes of subsection § 4B1.5(a).

Because subsection 4B1.5(a), rather than subsection 4B1.5(b), applies here, Defendant's offense level remained at 38 rather than being increased five levels to 43 as urged by the Government. And, under USSG § 4B1.5(a)(2), Defendant's Criminal History Category increased from Category I to Category V. This combination of offense level and criminal history category results in a sentencing range of 360 months to life. The sentence

---

[7] The Government's attempts to distinguish <u>Breitweiser</u> are unavailing.

imposed was 360 months.  As noted earlier, I would have imposed the same sentence even under the Government's proposed scoring in any event.

**DONE** and **ORDERED** in Orlando, Florida, on August 24, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Jean Roussel Eloi