Jean R. Eloi
Reg #61414-018
FCI Coleman Low
PO Box 1031
Coleman, FL 33521-1031
FOR THE DEFENDANT

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 6:14-CR-0248 |
| ) | |
| JEAN ROUSSEL ELOI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

**OR FOR COMPASSIONATE RELEASE**

**COMES NOW**, Defendant Jean R. Eloi, pro se, and pursuant to 18 U.S.C. §3582(c)(1), hereby moves this Court for a modification of an imposed term of imprisonment, and states as follows in support hereof:

### I. BACKGROUND FACTS

Mr. Eloi is requesting that this Court grant him a sentence reduction based on the United States Sentencing Commission's ("USSC") new amendments to the United States Sentencing Guidelines ("USSG") manual, which has given Mr. Eloi a clear path to relief under the USSC's new

-1-

"extraordinary and compelling reasons" and for "unusually long sentences." As more fully explained below herein, the circumstances of Mr. Eloi's case clearly fit within the new provisions of the USSG amendments, and because those amendments went into effect November 01, 2023, this Court should grant Mr. Eloi's request for a sentence reduction based on those revised guidelines.

In essence, Mr. Eloi was an offender who used the internet to communicate with someone who was purported to be under the legal age of consent and such conduct violated the laws of the United States. The federal government was actively investigating these types of crimes and during that "drag-net" operation, Mr. Eloi was discovered to be engaging in this conduct, as a result, was Indicted for that criminal behavior.

Mr. Eloi elected to exercise his right to a trial by jury in this matter and a jury trial was had. After testimony and argument was presented, the jury returned a guilty verdict against Mr. Eloi, and a guilty finding was entered into the record.

On August 17, 2015, in the United States District Court for the Middle District of Florida, Orlando Division, under cause of action number 6:14-CR-0248, Mr. Eloi was convicted of Coercion or Enticement of a Minor to Engage in Sexual Activity, a felony, in violation of 18 U.S.C. §2422(b), and was sentenced to a term of imprisonment of three hundred sixty (360) months, to be followed by one hundred twenty (120) months of community supervision immediately following the completion of his prison sentence.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Mr. Eloi asserts that with regard to motions for reduction of sentence related to changes in the law, no administrative remedies are required, or available. As such, Mr. Eloi has effectively "exhausted" all available administrative remedies related to this portion of his motion.

With respect to motions for compassionate release, Mr. Eloi is required to submit his administrative request to the Warden of his designated facility. Once the administrative request has been submitted to the Warden, the Warden is afforded thirty (30) days in which to respond to such request. If the Warden denies the request, or fails to otherwise timely respond, Mr. Eloi is then permitted to file his written request for compassionate release with his sentencing Court. No further administrative remedies are required to be pursued at the institutional level.

Mr. Eloi asserts that he submitted his administrative request for compassionate release to Warden Jason Gunther at FCI Coleman Low on November 01, 2023, and a copy of that request is transmitted herewith for the Court's review and information.

Mr. Eloi would assert that he fully complied with the exhaustion requirements of all administrative remedies, as outlined in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a).

## III. ARGUMENT(S)

**A. DEFENDANT IS ELIGIBLE FOR A SENTENCE REDUCTION BASED ON THE 2023 AMENDMENTS TO THE UNITED STATES SENTENCING GUIDELINES.**

In 2023, the USSC enacted several new amendments to the USSG, some of which apply directly to Mr. Eloi's case. One such amendment is enumerated as Amendment 821 of the USSG, which provided for significant changes in how criminal history categories are calculated and with regard to how final offense levels are determined.

Of significance to Mr. Eloi is Part A of Amendment 821, which discusses changes to "Status Points" and how or when those Status Points are to be applied to offenders and their calculations. Further, Part A does not have any exclusionary conditions related to crime type, violence, etc. Therefore, Mr. Eloi qualifies for consideration under this Amendment.

Specifically, Part A of Amendment 821 specifies that offenders with 7 or more criminal history points qualify for a 1-point reduction for status points. For offenders with 6 or less criminal history points, these offenders shall have all status points removed, or eliminated. In Mr. Eloi's case, Mr. Eloi was determined to have 1 criminal history point, which means that he is eligible to have all Status Points removed from his sentencing calculations.

Further, Mr. Eloi was determined to have a base-line offense level of 28, but with all of the Status Points and other enhancements that were added to those calculations, Mr. Eloi received a 15-level enhancement, which gave Mr. Eloi a final offense level of 43. As such, Mr. Eloi was exposed to a potential sentencing guideline range of not less than three hundred sixty (360) months, and not more than a term of natural Life. The Court elected to impose the low-end of the guideline range of three hundred sixty (360) months.

Mr. Eloi would assert that with the removal of all Status Points from his criminal conduct calculations, he would revert to an offender with a Criminal History Category of I, with 0 Criminal History Points, and a final offense level of 28. As such, Mr. Eloi would be subject to a sentencing guideline range of not less than seventy-eight (78) months and not more than ninety-seven (97) months.

A district court's authority to modify a defendant's sentence is permitted "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015). The United States Congress enacted 18 U.S.C. §3582(c)(1) in 1984 to "assure the availability of specific review and reduction of a term of imprisonment for 'extraordinary and compelling reasons'..." S. Rep. No. 98-225, at 121 (1984).

To reduce a sentence, the district court must (1) find that "extraordinary and compelling reasons warrant such a reduction"; (2) consider the 18 U.S.C. §3553(a) factors "to the extent that they are applicable"; and (3) find that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See, 18 U.S.C. §3582(c)(1)(A). Also, to warrant a reduction, all three conditions are necessary. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

Amendment 821 went into effect on November 01, 2023 and is retroactive in applicability. As such, this Amendment to the USSG clearly applies to Mr. Eloi, Mr. Eloi qualifies for the relief requested, and therefore, the Court is urged to reduce Mr. Eloi's sentence accordingly.

**B. DEFENDANT IS ELIGIBLE FOR COMPASSIONATE RELEASE UNDER THE EXPANSION OF THOSE PROVISIONS, IN ACCORDANCE WITH THE FIRST STEP ACT OF 2018, AS WELL AS THE 2023 AMENDMENTS TO THE SENTENCING GUIDELINES MADE BY THE UNITED STATES SENTENCING COMMISSION.**

In 2023, the USSC put forth new amendments that dealt specifically with revisions to the compassionate release provisions, in accordance with the rules promulgated by the First Step Act of 2018.

Among the changes made by the USSC to the USSG Manual, the USSC created Amendment 814, which exclusively deals with Reduction in Sentence for compassionate release purposes. Amendment 814 expands the list of "extraordinary and compelling reasons" in five different ways, which are intended to better account for the plain language of 18 U.S.C. §3582(c)(1)(A) and its legislative history, to reflect the reasons relied upon by many courts after passage of the First Step Act in the absence of a binding policy statement, and to account for recent experiences, including those pertaining to the COVID-19 pandemic.

Of specific relevance to Mr. Eloi and the instant cause of action, Amendment 814 adds the category of "Unusually Long Sentences" and revises the "Other Reasons" category. These two specific sections allow Mr. Eloi a clear path for relief under Amendment 814.

First, Mr. Eloi received a very lengthy sentence, especially when compared to the criminal act charged in this matter. The Court imposed a sentence of three hundred sixty (360) months and this was only because the Court elected to impose a 14-level upward variance. This upward departure was based on status points and other factors, which should not be counted

when resentencing Mr. Eloi. As such, Mr. Eloi should be subject to a sentencing range that is promulgated in Criminal History Category I, Offense Level 28. That being said, Mr. Eloi would urge the Court to consider granting him compassionate release based on the "Unusually Long Sentence Provision" of Amendment 814.

Originally, a motion for compassionate release could be brought only by the Director of the Federal Bureau of Prisons ("BOP"), but the First Step Act of 2018, 115 Pub. L. No. 391 ("FSA") amended this provision to allow a defendant to do so after he has "fully exhausted all administrative remedies." FSA §603(b)(1); 18 U.S.C. §3582(c)(1)(A). For purposes of a defendant-filed motion under 18 U.S.C. §3582(c)(1)(A), the district court's discretion to find extraordinary and compelling circumstances are limited to those listed in the USSG Manual, §1B1.13. United States v. Bryant, 996 F.3d 1234, 1262 (11th Cir. 2021).

The United States Congress delegated authority to the USSC to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. §994(t). The USSC promulgated USSG §1B1.13, updated in 2016, stating that a district court may reduce a sentence:

> Upon motion of the Director of the BOP...; if, after considering the factors set forth 18 U.S.C. §3553(a), to the extent that they are applicable, the Court determines that:
>
> > (1)(A) Extraordinary and compelling reasons warrant the reduction;
> >
> > (2) The defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g); and

>
> (3) The reduction is consistent with this policy statement.

USSG App. C, Amend. 799 (effective 11/01/2016).

After several years of inaction by the USSC, due to a lack of quorum, the USSC enacted new amendments to the USSG Manual in 2023 that implement the FSA's relevant provisions by amending USSG Manual §1B1.13 and its accompanying commentary. One of the new amendments revised the policy statement to reflect that 18 U.S.C. §3582(c)(1)(A), as amended by the FSA, authorizes a defendant to move for a sentence reduction.

Another amendment by the USSC revised the list of "extraordinary and compelling reasons" within the USSG Manual, §1B1.13, in several ways. Of relevance to Mr. Eloi, first, the new amendment moves the list of extraordinary and compelling reasons from the commentary section to the actual guidelines itself, as a new subsection, enumerated as subsection (b).

Second, the new amendment revised the "Other Reasons" category previously found in Application Note 1(D) and expanded the scope of the category to apply to all motions filed under 18 U.S.C. §3582(c)(1)(A), whether or not such a motion is filed by the Director of the BOP, or by the individual defendant. The revised "Other Reasons" category also currently provides that extraordinary and compelling reasons exist under any of the circumstances, or a combination thereof, described in such categories.

Third, and most significant to Mr. Eloi, the new amendment adds a new category entitled "Unusually Long Sentence" providing that if a

-8-

defendant received an unusually long sentence, a change in law (other than an amendment to the USSG Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Although Mr. Eloi has not quite served ten (10) years of his total sentence, he is right on the cusp of that ten-year marker. In addition to that, if Mr. Eloi were to be sentenced today, he would almost certainly not have received the length of sentence in which he did in 2015 at the original sentencing in this matter. Thus, Mr. Eloi meets the definition of "sentence disparity" and as such, has presented "extraordinary and compelling reasons" to allow this Court to reduce his sentence of imprisonment so that he can be released under compassionate release and to serve the remainder of his imposed sentence under home detention or confinement status.

Amendment 814 went into effect November 01, 2023 and is retroactive in application. Therefore, Mr. Eloi qualifies to have his sentence reduced under those provisions and would request that the Court do so, in the interests of justice.

**C. DEFENDANT MEETS THE QUALIFICATION CRITERIA ENUMERATED UNDER 18 U.S.C. §3553(a) FOR COMPASSIONATE RELEASE, ALLOWING THIS COURT TO EXERCISE ITS DISCRETION TO REDUCE HIS SENTENCE.**

Mr. Eloi meets the qualification, or eligibility, criteria enumerated under 18 U.S.C. §3553(a) for compassionate release, where extraordinary and compelling reasons merit compassion. However, the Court must determine whether those factors support a reduction in sentence. <u>United States v. Tinker</u>, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

The applicable 18 U.S.C. §3553(a) factors include, among others, the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed --
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. §3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purpose of sentencing.

Mr. Eloi would assert to the Court that he meets all of these criteria. First, and probably foremost, Mr. Eloi would state that he has a very limited criminal history prior to the commission of the instant offense. In addition, his characteristics and history would support his

-10-

assertion that he is not a career criminal and that he will likely never reoffend in the future.

Next, Mr. Eloi would state to the court that the reduction of sentence would still impose a sentence that is significant to reflect the seriousness of the offense committed; that it would continue to promote Mr. Eloi's respect for the law; and would still provide Mr. Eloi with just punishment for the offense in which he committed.

Next, Mr. Eloi would submit to the Court that his time in prison has allowed him to reflect on his decisions and that such time has provided an adequate means to deter Mr. Eloi from committing any additional crimes in the future.

Next, Mr. Eloi would submit to the Court that the public is not in any danger of any future crimes being committed by Mr. Eloi and that a reduced sentence would not change this factor in any manner.

Finally, Mr. Eloi would submit to the Court that he has received significant educational, vocational and rehabilitative programming during his term of incarceration, and these programming efforts are more particularly described below herein.

Mr. Eloi would submit to the Court that he has genuine remorse for his criminal conduct and that he has taken the steps necessary to correct his behavior and thinking patterns. Mr. Eloi will not return to criminal behavior or conduct upon his release from custody and that he is not a danger to the community or public safety. This assertion is further asserted because since Mr. Eloi's start of incarceration in 2014, Mr. Eloi has maintained an impeccable conduct record within the correctional

setting and has earned the privilege of receiving significant reductions in his custody level, which such reductions are based almost exclusively upon Mr. Eloi's institutional conduct.

Mr. Eloi would further assert to the Court that throughout these last several years, he has maintained meaningful and positive relationships with his family and other loved ones, to specifically include his mother, father, three brothers (one of whom resides in Chile'), his four sisters, extended family, and his community-based pastor and his wife. Mr. Eloi has maintained these relationships by continuing to nurture them through regular contact with these individuals using letters, telephone calls and visitation, when permitted.

Despite the enormity of Mr. Eloi's sentence in comparison to his crime, Mr. Eloi has remained positive and has refused to succumb to a hopeless and negative attitude. Instead of acting out and involving himself in destructive behaviors, Mr. Eloi has instead chosen to focus on improving himself and strengthening his interpersonal relationships with those individuals listed above herein.

Also while incarcerated, Mr. Eloi has focused on perfecting his work-related skills and abilities, so that upon his eventual release from custody, he will be in a much better position to secure lawful and meaningful employment in his community. This will assist Mr. Eloi with re-entry from prison and will help ensure a smooth and successful transition.

### IV. REHABILITATIVE EFFORTS

Mr. Eloi would assert that during his incarceration, he has

participated in, and successfully completed the following rehabilitative programs and courses:

(a)  RRP Health and Nutrition (2015);
(b)  ACE: Creative Writing (2015);
(c)  ACE: Public Speaking (2015);
(d)  ACE: French Speaking Class;
(e)  Physical Education - Intermediate Core Training (2015);
(f)  Re-Entry Seminar (2016);
(g)  ACE: Public Speaking II (2015);
(h)  National Re-Entry Week Seminar (2016);
(i)  Physical Education: Soccer Officiating Class (2016);
(j)  National Re-Entry Week Seminar (2016);
(k)  ACE: Public Speaking Class (2016);
(l)  Vocational Training: Custodial Maintenance (2016);
(m)  ACE: Public Speaking III (2016);
(n)  Physical Education: Advanced Spinning Class (2016);
(o)  Vocational Training: Microsoft Class I (2017);
(p)  Vocational Training: Microsoft Class II (2017);
(q)  Financial Peace (2017);
(r)  Physical Education: Beginners Spinning Class (2017);
(s)  Physical Education: Soccer Sports Rules (2017);
(t)  Advance Public Speaking (2017);
(u)  Godly-Lead Chapel Program (2017);
(v)  Physical Education: Intermediate Spinning Class (2017);
(x)  Photo Class (2017);
(y)  Advanced Public Speaking II (2017);
(z)  Physical Education: Intermediate Spinning Class II (2018);
(aa) Physical Education: Advanced Spinning Class II (2018);
(bb) Physical Education: Beginning Spin Class II (2018);
(cc) Vocational Training: Culinary Arts Program (2018);
(dd) Business Education (2018);
(ee) Spanish Threshold Program;

(ff)   Job Fair Information (2019);
(gg)   ACE: 360-How to Purchase Property (2019);
(hh)   Starting a Small Business (2019);
(ii)   Starting a Small Business II (2019);
(jj)   Physical Education: Mens Locker Room Etiquette (2020);
(kk)   Re-Entry Seminar (2020);
(ll)   Physical Education: Abdominals Class (2022);
(mm)   Vocational Training: Horticulture Program (2021);
(nn)   Physical Education: Beginners Spinning III (2022);
(oo)   Healthy Mind/Body Journaling (2022);
(pp)   Physical Education: Intermediate Spinning Class III (2022);
(qq)   Tournament Management Class (2022);
(rr)   Re-Entry Faith-Based Threshold (2022);
(ss)   Physical Education: Fitness Focus on Brain Health (2022);
(tt)   Physical Education: Beginners Spin Class IV (2022);
(uu)   Physical Education: Advanced Spin Class III (2022);
(vv)   Physical Education: Intermediate Spin Class IV (2022);
(xx)   ACE: Commercial Drivers License (2023);
(yy)   Mock Job Fair: Information Focus (2023);
(zz)   ACE: Residential Real Estate (2023); and
(aaa)  Vocational Training: ServSafe Manager Certification Program (2023).

In addition, Mr. Eloi is on the active wait list for participation in the following rehabilitative programs:

(a)   Anger Management;
(b)   Criminal Thinking;
(c)   Emotional Self-Regulation;
(d)   Traumatic Stress & Resilience;
(e)   Basic Cognitive Skills; and
(f)   Money Smart.

In addition to the above programs, Mr. Eloi has also held the following inmate positions for pay within the correctional setting:

(a) Chapel Clerk and Orderly;
12/2015 to 03/2019

(b) Public Speaking I & II Instructor;
12/2015 to 03/2018

(c) Education Library Book Clerk;
03/2019 to 09/2021

(d) Compound Orderly;
11/2021 to 01/2022

(e) Facility General Maintenance Orderly;
01/2022 to 03/2023

(f) Vocational Training Programs Orderly;
03/2023 to Present

In addition to the above, Mr. Eloi also has completed the following certification programs:

(a) Evangelism and Discipleship Programs Certification
2020 to 2023

(b) Global University Program
2022

Mr. Eloi would assert to the Court that the wait list at FCI Coleman Low is a result of the shortage of program staff, as well as the limitation on available funding to provide these programs. As such, the participants on the wait list are accelerated through the wait list based on two factors: (1) the length of time remaining to be served on his/her sentence; and (2) the offender's specific criminogenic needs. As such, some offenders with less time remaining to be served on their sentence will advance to the top of the wait list more quickly than Mr. Eloi. However, the Court should be on notice that Mr. Eloi is committed to

participating in these programs, and successfully completing those programs. Mr. Eloi will do so just as soon as he reaches the top of each wait list and is granted a participation slot in those programs.

Finally, Mr. Eloi would assert to the Court that his completion of those programs listed above, as well as the self-motivation to register for those other programs, further substantiates his claim of efforts toward rehabilitation. Mr. Eloi would request that the Court take special judicial notice of those efforts. Afterall, the primary, if not exclusive, purpose in imposing prison sentences is to rehabilitate the offender so that the offender does not reoffend upon their eventual release from custody.

## V. CONCLUSION

WHEREFORE, for the above and foregoing reasons, and in reliance upon the record, Mr. Eloi would request that the Court:

1. Grant him a reduction of sentence, in accordance with the new applicable sentencing guidelines, as articulated above herein;

2. Grant Mr. Eloi compassionate release, as requested above herein, so that he can serve the remainder of any imposed sentence under home detention or confinement;

3. Set this matter for a hearing, either by telephonic or videographic means, so that Mr. Eloi can more fully brief this Court on his request; and

4. Grant any further and additional relief that the Court may deem just, fit and proper under the circumstances.

DATED this 20th day of November, 2023.

_____
Jean R. Eloi, Defendant, pro se
Reg #61414-018
FCI Coleman Low
PO Box 1031
Coleman, FL 33521-1031

## DISCLOSURE FROM NON-ATTORNEY PETITION PREPARER

This form/document was prepared for the Defendant, whose name is Jean Roussel Eloi, and this form was completed with the assistance of the following non-attorney petition preparer:

NAME OF INDIVIDUAL: David A. Jackson-Mackay

NAME OF ORGANIZATION: Justice Reform Network, LLC
                     Region III Office

ADDRESS:  Post Office Box 22043
          Cheyenne, WY 82003-2000

TELEPHONE: (307) 274-8874 Ext 201

EMAIL: justice@justicedefender.org

DATED this 19th day of November, 2023.

_____
David A. Jackson-Mackay,
Non-Attorney Petition Preparer

-17-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE OR FOR COMPASSIONATE RELEASE was mailed to the Clerk of the United States District Court on this 20th day of November, 2023, and that upon its filing by the Clerk of Court, said document was served upon all interested parties via the Court's CM/ECF system, as authorized by Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

_____
Jean R. Eloi, Defendant, pro se

-18-