# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                    **CASE NO. 6:14-cr-248-JA-E_K**

**JEAN ROUSSEL ELOI**

---

## ORDER

Before the Court is Defendant Jean Roussel Eloi's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 119). Eloi seeks a sentence reduction under Amendment 821 to the Sentencing Guidelines, which applies to certain zero-point offenders and limits the use of status points. *See United States v. Arroyo-Mata,* 730 F. Supp. 3d 1323, 1323 (N.D. Ga. 2024) (stating that Amendment 821 "provides a two-offense level reduction for defendants with zero criminal history points"); *see also United States v. Vente-Orobio,* No. 19-20042-CR, 2024 WL 1016110, at *2 (S.D. Fla. Mar. 8, 2024) (denying motion for compassionate release pursuant to Amendment 821 because the defendant was not a zero-point offender and was not assessed any status points).

The Federal Public Defender, who was appointed for this proceeding, submits a memorandum (Doc. 125), detailing that Eloi is ineligible for a sentence reduction under this amendment because he "was assessed one or more criminal history points and was not assessed status points." (*Id.* at 2). Indeed,

at the time of sentencing, Eloi's criminal history score of one resulted in a criminal history category of I. (Doc. 120 at 8). His criminal history score did not include any status points. Thus, Eloi is ineligible for a sentence reduction under Amendment 821 because he is not a zero-point offender and he did not receive any status points.

Accordingly, Eloi's motion for a sentence reduction (Doc. 119) is **DENIED**.

**DONE** and **ORDERED** on September 22, 2025.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
Jean Roussel Eloi
Counsel for Defendant

2